serving the execution, and making himself liable by the custody of the goods. The defendant may tender a forthcoming bond at any time before the sale. The time is not important; some time must intervene between the levying and the bond. Upon the second execution, the marshal has the same trouble de novo. There were two judgments, and two executions, and the marshal is entitled to his fees on both.

Mr. Youngs and Mr. C. Lee, in reply. This, by the laws of Virginia, is one continued process, and constitutes but one execution. The process of a forthcoming bond is not known in Maryland. There is not a new judgment on the bond. It is only an award of execution. The words of the act of Virginia are, that the bond shall have the force of a judgment, and therefore the court only awards execution.

Rule discharged, nem. con.

## Case No. 13,894.

### THOMAS v. CLARK et al.

[2 McLean, 194.] [1]

Circuit Court, D. Michigan. Oct. Term. 1840.

PLEADING AT LAW—PLEA DENYING INSTRUMENT SUED ON—AFFIDAVIT—GENERAL ISSUE.

1. By the rules of the court, a plea which denies the instrument on which the action is founded, or the indorsement of it, must be sworn to.

2. If filed without affidavit, the general issue may be good for some purposes, but the note and the indorsement, under such plea, are admitted.

3. And this admission is, that the signature on the note is as averred in the declaration.

[Cited in Ames v. Quimby, 106 U. S. 346, 1 Sup. Ct. 120.]

[Cited in Pegg v. Bidleman, 5 Mich. 29.]

At law.

Lockwood & Barstow, for plaintiff.
Mr. Backus, for defendants.

OPINION OF THE COURT. This action is brought against the defendants, who are partners, as indorsers of a bill of exchange to the plaintiff. A rule of court requires a plea of the general issue, denying the execution of an instrument, or of an indorsement on which the action is brought, to be sworn to. The general issue in this case being filed, without oath, a question is made, whether the ground of the action is admitted. The defendants' counsel contends, that the signatures of Clark and Cole, as they appear to be indorsed on the note, only are admitted, and not the partnership, and that it is necessary for the defendants to prove the partnership. The rule was designed to prevent delays by filing issues, which are not true in fact. A plea of the general issue, under the rule, may be good for some purposes, but it admits the instrument on which the action is brought. In this case, the in-

dorsement by the defendants is admitted. Smith v. McManus, 7 Yerg. 477. But to what extent does this admission go? Most clearly, the admission is, that the defendants indorsed the note, as they are alleged to have done in the declaration. In the declaration, they are stated to be partners, and, as such, indorsed the note in the partnership name. This construction of the rule imposes no hardship on the defendants. If the note were not indorsed by them, as partners, they might have sworn to the plea, which would have thrown on the plaintiff the necessity of proving their signatures, as alleged in the declaration. Judgment.

THOMAS (CONSOLIDATED FRUIT JAR Co. v.). See Case No. 3,131.

## Case No. 13,895.

### THOMAS v. CRUTTENDEN.

[4 Cranch, C. C. 71.] [1]

Circuit Court, District of Columbia. May Term. 1830.

EJECTMENT—TITLE—BANKRUPTCY—COMMISSIONERS' DEED—EVIDENCE—RECORDS.

A person, claiming title under a deed from commissioners of bankrupt, under the bankrupt law of 1800 [2 Stat. 19], must show their authority, and that their proceedings were regular, &c., as they exercised only a special, limited power; but if the records are destroyed, the next best evidence will be received.

The plaintiff [James Thomas], having shown title in Washington Bowie, offered in evidence a deed from E. B. Caldwell, and purporting to be executed by them as commissioners of bankruptcy to Walter Smith and Charles Wayman, assignees of the bankrupt; and offered to prove by W. Brent, the clerk of this court, that the bankrupt papers and records, in cases where commissions were issued by a judge of this court, were destroyed by the enemy in 1814; and by W. Cranch, that he, as assistant judge of this court, issued a commission of bankruptcy against Washington Bowie. And the plaintiff further offered in evidence a deed from the assignees to Baltzer, under whom the plaintiff claims; and a decree in chancery ordering a sale of this, as part of the real estate of Baltzer, and possession of the purchase under that decree; and also produced a certificate of the clerk of this court, made in January, 1804, that this court, in December term, 1803, decreed that the deed from the commissioners to the assignees should be recorded; and further proved that all the records and papers of that term were destroyed by the enemy. Those deeds recited the proceedings under the bankrupt law of 1800.

Mr. Redin, for defendant [Joel Cruttenden], objected to the admission of the deed

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

from the commissioners to the assignees, because all the proceedings under the commission of bankruptcy must be proved; nothing can be presumed; it is a special tribunal of limited powers and jurisdiction, &c.

Mr. Marbury and Mr. Key, for plaintiff, admit that everything necessary to support the jurisdiction and authority of the commissioners must be proved; but the question is, by what sort of evidence? The records and original papers are all destroyed. The next best evidence is that which is now offered. The recitals in the old deeds, recorded in 1802, twenty-eight years ago; the destruction of the original papers and records; the certificate of the clerk, recorded in January, 1804, that a decree was passed by this court in December, 1803, authorizing the recording of the deed and the long possession under that deed,—are circumstances from which the jury may infer all the necessary proceedings under the bankrupt law.

THE COURT was of that opinion (nem. con.), and the jury rendered their verdict for the plaintiff.

---

THOMAS, The (DELAWARE RIVER CO. v.) See Case No. 3,769.

THOMAS, The (DELAWARE RIVER STORAGE CO. v.). See Case No. 3,769.

---

## Case No. 13,896.

### THOMAS v. ELLIOT.

[2 Cranch, C. C. 432.] [1]

Circuit Court, District of Columbia. Oct. Term, 1823.

ACTIONS—ASSIGNEES OF CAUSE—SPECIAL BAIL—SURETIES.

1. Where there are contending assignees of a cause of action pending in court, the court will not, on motion, decide the merits of their respective claims, by ordering the action to be entered upon the docket as for the use of either of them.

2. If special bail be taken out of court, by two justices of the peace, by recognizance, there must be two sureties.

The scire facias, in this case against William Elliot, as bail for Peter Morte, recites a recognizance before two justices of the peace for this county on the 17th of November, 1818, by which "a certain William Elliot, of the said county of Washington, came personally in his own proper person, and became pledge and bail," &c., "for a certain Peter Morte," &c., in the usual form. The suit against Morte was originally brought by the creditor, George N. Thomas, in his own name; who, before judgment, was discharged under the insolvent law, on the 7th of August, 1820, and assigned all his effects to John L. Brightwell, his trustee under that law, who became a party plaintiff in the place of George N. Thomas, and obtained a judgment in his own name as trustee of

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Thomas for $311. This judgment is also recited in the scire facias.

Mr. Key, for Offa Wilson, administrator of Henry M. Wilson, obtained a rule on Brightwell to show cause why this scire facias should not be entered for the use of Offa Wilson, as administrator of Henry M. Wilson; and produced an assignment dated June 4th, 1819, more than a year before Thomas's application for the benefit of the insolvent act, from the said Thomas to the said Henry M. Wilson, of the proceeds of that suit, and an order from Thomas to the clerk of the court to enter the suit for the use of Wilson.

But THE COURT, on the 23d of January, 1824, discharged the rule and refused to order the cause to be entered for the use of Wilson, without prejudice to the rights of the parties.

Mr. Redin, for defendant, moved the court to quash the scire facias, because upon its face it appeared that only one person was taken by the justices as bail, whereas the act of 1715, c. 28, which is the only act which authorizes them to take special bail out of court, requires the defendant to go before the justices with two sufficient freeholders; and the form prescribed is, "You A. B. and C. D., and either of you do undertake," &c. Every such authority must be strictly pursued, as this court has decided in several cases upon the act of Maryland of 1791, c. 67, § 1, authorizing judgments to be superseded. Smith v. Middleton, at April term, 1821 [Case No. 13,079], and Mandeville v. Love, October term, 1821 [Id. 9,012]; Rogers v. Reeves, 1 Term R. 418; Scryven v. Dyther, Cro. Eliz. 672; Symes v. Oakes, 2 Strange, 893.

Mr. Key, for plaintiff, contra.

THE COURT (THRUSTON, Circuit Judge, absent) quashed the scire facias, giving judgment upon the issue of "no such record."

---

## Case No. 13,897.

### THOMAS v. GITTINGS.

[Taney, 472.] [1]

Circuit Court, D. Maryland. April 11, 1844.

BOTTOMRY—NECESSITY FOR—MASTER'S AUTHORITY—ACTS OF OWNER—SUPPLIES—CONSIGNEE.

1. T., the owner of a vessel, of which F. was master, directed her to be employed in running between Savannah and Havana, under a letter of instructions; a cargo of rice was procured, and put on board at Savannah, on the credit of S., the agent of the vessel at that place; in fitting her for the voyage, expenses were incurred to the amount of $219 52, for which a bill was drawn by the master, on the owner, living in Baltimore, and accepted by him; this bill was protested, and demand was made upon the master, at Havana, for its payment; A., the consignee at Havana, gave the master a bill on a

---

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]